IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BUDLOVE, JR. ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LIFE INSURANCE COMPANY OF ) <br> NORTH AMERICA, ) <br> ) <br>     Defendant. ) <br> ) <br> ) | No:  08 C 3084 <br><br> JUDGE CASTILLO <br><br> MAGISTRATE JUDGE NOLAN |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), by its attorneys, DANIEL K. RYAN and PETER E. PEDERSON, submits this Answer and Affirmative Defenses to Plaintiff's Complaint:

### Count I

### Jurisdiction and Venue

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the districts courts' [sic] jurisdiction to hear civil actions brought to recover benefits under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability insurance plan and a group life insurance plan both insured by CIGNA and underwritten by Life Insurance Company of North America, for the benefit of the employees of Albright & Wilson Americas Inc. ("Albright & Wilson"). In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

**ANSWER:** Admit that Albright & Wilson Americas Inc. ("Albright") established plans under ERISA to provide eligible employees with long-term disability ("LTD") benefits and life insurance benefits. Admit that the plans qualify as an "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002(1). Admit that LINA issued Group Policy No. BK-0020011, which insures LTD benefits under Albright's plan ("LTD Policy"). Admit that LINA issued Group Policy No. GL-0050223, which insures life insurance benefits under the Albright's plan ("Life Policy"). Admit that the Court has jurisdiction under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Deny that a legal entity known as "CIGNA" exists or that such an entity insured Albright's plans. Deny all remaining allegations in ¶ 1.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

**ANSWER:** Admit that plaintiff exhausted administrative appeals with respect to his claim for a waiver of life insurance premiums. Deny the remaining allegations in ¶ 2.

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

**ANSWER:** Not disputed.

### Nature of the Action

4. This is a claim seeking payment of disability income benefit payments pursuant to a policy of group insurance insured by CIGNA, a subsidiary of Defendant, and underwritten by Life Insurance Company of North America ("LINA") to provide Long Term Disability Insurance Benefits (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A") to employees of Albright & Wilson under Policy No. BK020011 and for the reinstatement of Waiver of Premium Coverage pursuant to a policy of group insurance insured by CIGNA, a subsidiary of Defendant, and underwritten by LINA to provide Life Insurance Benefits (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "B") to employees of Albright & Wilson under Policy No.

GL050223. This action, seeking recovery of benefits, is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(B)).

> **ANSWER:** Deny that "CIGNA" is a legal entity, that it is named as a defendant, that it issued the group policies under which plaintiff has asserted claims, or that it administered Albright's plans. Admit that plaintiff seeks to recover LTD benefits under the LTD Policy and a waiver of life insurance premiums under the Life Policy. Admit that LINA issued both group policies. Admit that Albright established the plans under ERISA to provide eligible employees with LTD benefits and life insurance benefits. Deny all remaining allegations in ¶ 4.

5. Policy No. BK020011 and Policy No. GL050223 do not defer to the discretion of CIGNA or LINA in the review of the claim, and therefore this action is subject to a de novo standard of review by this court.

> **ANSWER:** Denied.

### The Parties

6. William Budlove, Jr., ("Mr. Budlove") at all times relevant was a resident of Peotone, Illinois, and the events, transactions, and occurrences relevant to Mr. Budlove's claim of disability took place within the Northern District of Illinois. Mr. Budlove was born on October 19, 1956.

> **ANSWER:** Admit on information and belief that plaintiff is currently a resident of Peotone, Illinois and that LINA sent communications to plaintiff in the Northern District of Illinois. Admit that plaintiff was born on the stated date. Deny all remaining allegations in ¶ 6.

7. As a benefit of employment, Albright & Wilson provided its employees, including Mr. Budlove, with long term disability and life insurance benefits. At all times relevant hereto, Albright & Wilson, has been authorized to and does business in the Northern District of Illinois.

> **ANSWER:** Admit that Albright provided designated employees with LTD benefits and life insurance benefits, as set forth in the policies LINA issued. Admit on information and belief that Albright is authorized to do business in this judicial district. Deny all remaining allegations in ¶ 7.

6326738v1 889535

8. CIGNA is an insurance company providing long term disability coverage to employees Albright & Wilson under Policy No. BK020011 and life insurance coverage to Albright & Wilson employees under Policy No. GL050223.

**ANSWER:** Denied.

9. LINA is an insurance company that underwrites Policy No. BK020011 and Policy No. GL050223.

**ANSWER:** Admit that LINA issued the group Life Policy and the group LTD Policy. Deny all remaining allegations in ¶ 9.

10. At all times relevant hereto, the long term disability policy and life insurance policy constitute an "employee welfare benefit plan" as defined under 29 U.S.C. § 1002(1); and incident to his employment, Mr. Budlove received coverage under both policies as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the forgoing plans.

**ANSWER:** Admit that the subject policies qualify as an "employee welfare benefit plan" within the meaning of § 1002(1). Admit that plaintiff was a "participant" in the plans as defined by 29 U.S.C. §1002(7) and that this claim relates to the Plan. Deny the remaining allegations contained in ¶ 11.

**Statement of Facts**

12. Mr. Budlove was actively employed full-time by Albright & Wilson as a chemist until March 15, 1998 when he was admitted into the emergency room with severe chest pain, cough, and progressive shortness of breath, and subsequently diagnosed with congestive heart failure and cardiomyopathy.

**ANSWER:** Admit that plaintiff was employed as a Production Supervisor by Albright until on or about September 15, 1998, when he presented to the emergency room with chest pain. Admit, on information and belief, that plaintiff was diagnosed with congestive heart failure and cardiomyopathy which condition subsequently improved. Deny all remaining allegations in ¶ 12.

6326738v1 889535

13.     Between March 4, 1999 and March 9, 1999, Mr. Budlove was hospitalized for either a transient ischemic attack ("Mini-Stroke") or a posterior circulation lacunar infract. Since this first attack, Mr. Budlove has experienced several additional Mini-Strokes.

**ANSWER:**   Admit that plaintiff reported to a physician that he was hospitalized for a week in early March 1999 on account of a minor stroke. Deny all remaining allegations in ¶ 13.

14.     On or around March 22, 1999, Mr. Budlove applied for long term disability benefits with CIGNA under Policy No. BK020011 stating that due to his medical conditions, he met the long term disability policy's definition of "disability," which states in relevant parts:

> An Employee is Disabled if, because of Injury or Sickness, 1. he or she is unable to perform all the material duties of his or her regular occupation; and 2. after Monthly Benefits have been payable for 24 months, he or she is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience.

**ANSWER:**   Admit that plaintiff applied to LINA for LTD benefits under the plan and contended that he met the LTD Policy's definition of disability. Admit that ¶ 13 purports to quote the LTD Policy's definition of disability. Deny that the quotation is complete. Deny all remaining allegations in ¶ 13.

15.     On June 10, 1999, CIGNA advised Mr. Budlove that due to his Chronic Bronchitis, Bronchospasm, Hypertension, Congestive Heart Failure, Cardiomyopathy, Gastroesophageal Reflux Disease ("GERD"), Barrett's Esophagus, and Depression that he met the long term disability policy's definition of disability.

**ANSWER:**   Admit that in a letter dated June 10, 1999 LINA, on behalf of the plan, approved plaintiff's claim for LTD benefits retroactive to March 15, 1999. Deny all remaining allegations in ¶ 15.

16.     On December 17, 1999, the Social Security Administration issued a determination that Mr. Budlove, because of his numerous physical impairments, was fully disabled thus signifying his inability to engage in "any substantial gainful activity." (Definition of disabled

under Social Security Act) (a true and correct copy of the Social Security Administration decision is attached hereto and by reference incorporated herein as Exhibit "C").

> **ANSWER:** Admit, based on information and belief, that on December 17, 1999 the Social Security Administration approved plaintiff for social security disability insurance ("SSDI") benefits and that Exhibit C appears to be a portion of the notice of the award. Deny all remaining allegations in ¶ 16.

17. After remaining Totally Disabled for over nine (9) continuous months, Mr. Budlove proceeded to apply for Waiver of Premium Coverage under the group life insurance policy, No. GL050223, stating that he met that policies definition of "Totally Disabled." The life insurance policy states, "An employee will be considered Totally Disabled if, because of injury or sickness, he is unable to perform all the essential duties of any occupation for which he is or may reasonably become qualified based on his education, training, or experience."

> **ANSWER:** Admit that plaintiff completed a claim for waiver of life insurance premiums dated February 26, 1999. Admit that ¶ 17 quotes the Life Policy's definition of Totally Disabled. Deny the remaining allegations in ¶ 17.

18. On June 11, 2001, CIGNA found Mr. Budlove to be Totally Disabled from working the essential duties of any occupation and granted his Waiver of Premium Coverage.

> **ANSWER:** Admit that on June 11, 1999 LINA found that plaintiff qualified for the waiver of premium benefit under the group Life Policy. Deny the remaining allegations in ¶ 18.

19. Further, on July 31, 2001, CIGNA learned from Mr. Budlove's doctors that his ejection fraction from his left heart ventricle was at 50-55%, which is in the normal ranges. However, CIGNA found Mr. Budlove remained totally disabled from performing the material duties of any occupation and continued to pay his long term disability benefits.

> **ANSWER:** Denied.

20. Since January 22, 2007 Mr. Budlove has been under the care of the Dr. Ottens and the other physicians at Marcotte Medical Group and they have been treating him for Congestive

6

Heart Failure, Type II Diabetes, Diabetic Peripheral Neuropathy, Upper Respiratory Infections, Mini-Strokes, and other various ailments.

> **ANSWER:** Admit, on information and belief, that plaintiff was treated by the Marcotte Medical Group in 2007. Admit that the group's records list his diagnoses as diabetes type II, peripheral neuropathy, and congestive heart failure. Deny the remaining allegations in ¶ 20.

21. Mr. Budlove received an uninterrupted gross monthly benefit of $2,326.00 from CIGNA for the period of March 15, 1999 through March 23, 2007.

> **ANSWER:** Admit that LINA paid plaintiff benefits, on behalf of the plan and under the LTD policy, for the period March 15, 1999 to March 23, 2007. Plaintiff received a gross LTD benefit (with no reduction for Social Security Disability Insurance benefits) until on or around May 2000. Thereafter, he received a net LTD benefit. Deny all remaining allegations in ¶ 20.

22. Despite overwhelming medical evidence to the contrary on February 23, 2007, CIGNA terminated Mr. Budlove's long term disability benefits under the group long term disability insurance policy (BK020011) based on a January 2005 echocardiogram showing a 60% ejection fraction from his left ventricle even though his heart had been in normal ranges since July 31, 2001. That same year CIGNA deemed Mr. Budlove disabled from working any occupation.

> **ANSWER:** Admit that in a letter dated February 23, 2007 LINA notified plaintiff that it had decided, on behalf of the plan, to terminate LTD benefits because the medical evidence, including but not limited to a January 2005 echocardiogram and reports from the Fall 2006, indicated that plaintiff's conditions did not preclude him from performing occupations for which he was qualified. Admit that plaintiff's cardiac function improved after he was initially approved for LTD benefits. Deny the remaining allegations in ¶ 22.

23. After CIGNA ceased paying benefits, Mr. Budlove submitted a timely appeal in accordance with 29. U.S.C. § 1133 including a physical ability assessment form completed by Dr. Otten's on February 19, 2007 demonstrating the presence of functional limitations and the

results of a functional capacity evaluation completed on May 15, 2007 demonstrating a total inability to perform the material duties of any occupation.

> **ANSWER:** Admit that plaintiff appealed LINA's finding that he no longer met the LTD Policy's definition of disabled. Admit that he submitted a February 19, 2007 assessment by Dr. Otten and a May 15, 2007 report by a physical therapist. Deny all remaining allegations in ¶ 23.

24. Notwithstanding the presentation of additional evidence of disability and functional limitation, CIGNA unreasonable refused to reconsider its decision.

> **ANSWER:** Denied.

25. All avenues of administrative review and appeal have now been exhausted. Therefore, this matter is ripe for judicial review.

> **ANSWER:** Admit that plaintiff has satisfied the exhaustion requirement with respect to his claim for the waiver of premium benefit. Deny the remaining allegations in ¶ 25.

26. The evidence submitted to CIGNA demonstrates that Mr. Budlove meets the long term disability policy's definition of disability in that he is unable to perform all the material duties of any occupation for which he may reasonably become qualified based on education, training, and experience.

> **ANSWER:** Denied.

27. As a direct and proximate result thereof, based on the evidence submitted to CIGNA, establishing that Mr. Budlove has met the policy's definition of "disability" continuously since the onset of his disability, and that he continues to meet the definition, Mr. Budlove is entitled to payment of monthly disability insurance payments plus interest on all overdue payments at the rate of 9% in accordance with 215 ILCS 5/357.9 or 357.9a.

> **ANSWER:** Denied.

6326738v1 889535

### Count II

1 - 20.   Plaintiff re-alleges paragraphs 1 20 of Count I as paragraphs 1 – 20 of Count II of this Complaint, and by reference, incorporates those allegations herein.

**ANSWER:**   LINA adopts its responses to ¶¶ 1-20.

21.   Despite overwhelming medical evidence to the contrary on February 26, 2007, CIGNA terminated Mr. Budlove's Waiver of Premium Coverage under the group life insurance policy (GL050223) based on a January 2005 echocardiogram showing a 60% ejection fraction from his left ventricle even though CIGNA was aware that his heart had been in normal ranges since July 31, 2001. That same year CIGNA deemed Mr. Budlove Totally Disabled from working any occupation.

> **ANSWER:**   Admit that in a letter dated February 26, 2007 LINA notified plaintiff that his waiver of premium benefit would terminate because the evidence, including tests and exam results from 2005 and 2006, showed that he did not meet the Life Policy's definition of totally disabled. Admit that plaintiff's cardiac function significantly improved after he was initially approved for the waiver of premium benefit.  Deny the remaining allegations in ¶ 21.

22.   After CIGNA ceased paying benefits, Mr. Budlove submitted a timely appeal in accordance with 29. U.S.C. § 1133 including a physical ability assessment form completed by Dr. Otten's on February 19, 2007 demonstrating the presence of functional limitations and the results of a functional capacity evaluation completed on May 15, 2007 demonstrating he is unable to perform all the essential duties of any occupation.

> **ANSWER:**   Admit that plaintiff appealed LINA's finding that he no longer met the LTD Policy's definition of disabled. Admit that he submitted a February 19, 2007 assessment by Dr. Otten and a May 15, 2007 report by a physical therapist.  Deny all remaining allegations in ¶ 22.

23.   Notwithstanding the presentation of additional evidence of disability and functional limitation, CIGNA unreasonable refused to reconsider its decision.

9

...

**ANSWER:** Denied.

24. All avenues of administrative review and appeal have now been exhausted. Therefore, this matter is ripe for judicial review.

**ANSWER:** Admit that plaintiff has satisfied the exhaustion requirement with respect to his claim for the waiver of premium benefit. Deny the remaining allegations in ¶ 25.

25. The evidence submitted to CIGNA demonstrates that Mr. Budlove meets the life insurance policy's definition of totally disabled in that he is unable to perform the essential duties of any occupation for which he may reasonably become qualified based on education, training, and experience.

**ANSWER:** Denied.

26. As a direct and proximate result thereof, based on the evidence submitted to CIGNA, establishing that Mr. Budlove has met the life insurance policy's definition of "Totally Disabled" continuously since the onset of his disability, and that he continues to meet the definition, Mr. Budlove is entitled to reinstatement of his Waiver of Premium Coverage.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

1. To the extent plaintiff asserts common law or state law remedies, the claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U. S. C. § 1144.

2. Plaintiff's claims are barred for failure to comply with terms and conditions of the subject employee benefits plan and group policies.

3. In the event that this Court were to determine that plaintiff is entitled to long term disability benefits under the plan documents, plaintiff's claims are subject to the doctrines of setoff and recoupment in that she is receiving or has received other benefits which qualify as

Other Income Benefits under the Plan and reduce the amount of any LTD benefit payable to her under the Plan.

4. Plaintiff's claims are barred, in whole or in part, on the ground that LINA discharged its obligations to plaintiff.

5. Plaintiff's claims against LINA are barred because it is not a proper defendant to a claim under 29 U.S.C. § 1132(a)(1)(B).

LIFE INSURANCE COMPANY OF NORTH AMERICA

By: /s/ Peter E. Pederson

Daniel K. Ryan Esq.
Peter E. Pederson, Esq.
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street – S. 300
Chicago, Illinois 60601
(312) 704-3000
**Fax:** (312) 704-3001
dryan@hinshawlaw.com
ppederson@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on July 16, 2008, I e-filed this document using the Court's CM/ECF filing system, which will make a copy available to counsel of record identified below.

s/ Peter E. Pederson

## SERVICE LIST

David A. Bryant, Esq.
Daley, DeBofsky & Bryant
55 W. Monroe Street
Suite 2440
Chicago, Illinois 60603
(312) 372-5200
(312) 372-2778 (fax)

6326738v1 889535

6326738v1 889535