IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BUDLOVE, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 08 C 3084 |
| ) | |
| LIFE INSURANCE COMPANY OF ) | JUDGE CASTILLO |
| NORTH AMERICA, ) | |
| ) | MAGISTRATE JUDGE NOLAN |
| Defendant. ) | |
| ) | |
| ) | |

## INITIAL STATUS REPORT

The parties, by undersigned counsel, submit this status report in accordance with the Court's order of June 11, 2008:

I.  **Nature of the Case**

  A.  **Attorneys of Record**

Plaintiff is represented by David A. Bryant of Daley, Debofsky & Bryant. Defendant Life Insurance Company Of North America ("LINA") is represented by Daniel K. Ryan and Peter E. Pederson of Hinshaw & Culbertson LLP.

  B.  **Federal Jurisdiction**

The Court has jurisdiction under 29 U.S.C. §§ 1132(e)(1) and 1132(f) of the Employee Retirement Income Security Act of 1974 (ERISA), and 28 U.S.C. § 1331.

  C.  **Claims and Counterclaims**

Plaintiff has asserted a claim under ERISA (29 U.S.C. § 1132(a)(1)(B)) to recover long-term disability ("LTD") benefits and a waiver of life insurance premiums under "employee welfare benefit plans" established by his former employer, Albright & Wilson Americas Inc.

("Albright"). LINA issued group insurance policies that insure the LTD benefits and the waiver of premium benefit under Albright's plans. The policies provide that, subject to their terms and conditions, an employee may be entitled to LTD benefits and waiver of the employee's life insurance premiums if he meets the policies' respective definitions of "disability." Plaintiff maintains that he has continuously met those definitions and qualified for those benefits since 1999. LINA maintains that, since February 23, 2007, plaintiff has not met the definitions of disability and or qualified for benefits under the plans. Plaintiff seeks reinstatement of his benefits, attorneys' fees, and costs.

### D.  Legal and Factual Issues

The parties disagree on the proper statement of the issues.

**Plaintiff's Statement:** The principal issues of law and fact are whether Plaintiff is "disabled" as defined by the policies. Plaintiff contends he is entitled to discovery on his allegation that LINA has a conflict of interest.

**Defendants' Statement** The principal issues are whether the standard of review is arbitrary and capricious or *de novo* and whether under either standard plaintiff can carry his burden of proving an entitlement to benefits under the plans.

Defense counsel are in the process of locating all the documents that govern the plans, which will determine which standard of review applies. LINA contends that, because this is an action for judicial review of a benefits determination under ERISA, discovery must be limited to the administrative record and the plan documents.

### E.  Relief Sought

Plaintiff seeks judgment awarding all benefits due since they were terminated, interest at a rate of 9% pursuant to 215 ILCS 5/357.9 or 5/357.9a, and attorney's fees pursuant to 29 U.S.C.

§1132(g). Plaintiff also seeks an order requiring LINA to continue paying Plaintiff benefits so long as he meets the policies' terms and conditions for receipt of benefits.

LINA has not asserted a counterclaim.

## II. Draft Scheduling Order

### A. Proposed Discovery Plan

#### 1. Type of Discovery Needed

The parties dispute what standard of review applies and what discovery is permitted. Plaintiff reserves the right to argue that the *de novo* standard of review applies. LINA reserves the right to argue that the arbitrary and capricious standard of review applies.

#### 2. Date for Rule 26(a)(1) Disclosures

On July 22, 2008, LINA served a Rule 26(a)(1) disclosure that included the group policies and the administrative record concerning plaintiff's claims for LTD benefits and the waiver of life insurance premium.

#### 3. Fact Discovery Completion Date

The parties propose that all discovery, both written and oral, shall be completed by October 31, 2008. LINA contends that discovery is limited to the administrative record and the plan documents.

#### 4. Expert Discovery Completion Date

The parties do not anticipate taking expert discovery.

#### 5. Final Pretrial Order Filing Date

A final pretrial order may be filed on or before February 28, 2009.

### B. Trial issues

#### 1. Jury Trial

Jury trials are unavailable under ERISA. *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998).

### 2. Probable Length of Trial

Plaintiff anticipates that trial will last no longer than four days.

### 3. When Case Ready for Trial

In the unlikely event that this case goes to trial, the Plaintiff anticipates that the parties would be ready for trial by February 2009.

### 4. Summary Judgment

Defendant expects the parties will file summary judgment motions on or before November, 30, 2008. Plaintiff contends that the case cannot be resolved on motions for summary judgment, but may be resolved via a trial on the papers under Federal Rule 52.

### III. Consent to Proceed Before Magistrate Judge

At this time, the parties do not consent to proceed before a Magistrate Judge.

### IV. Settlement Status

#### A. Whether Settlement Discussions Have Occurred

None at this time.

Dated:  July 21, 2008

Respectfully submitted:                                                  Respectfully submitted:


  /s/ David A. Bryant                                                         /s/ Peter E. Pederson   

Attorney for Plaintiff                                                        Attorney for Defendants
David A. Bryant                                                               Daniel Ryan /Peter E. Pederson
Daley, DeBofsky & Bryant                                                      Hinshaw & Culbertson LLP
55 West Monroe Street, Suite 2440                                             222 North LaSalle, Suite 300
Chicago, Illinois 60603                                                       Chicago, Illinois 60601

## CERTIFICATE OF SERVICE

On July 22, 2008, the undersigned filed this document with the Court's CM/ECF system, which will make a copy of it available to all counsel of record.

          /s// Peter E. Pederson

## SERVICE LIST

David A. Bryant, Esq.
Daley, DeBofsky & Bryant
55 West Monroe Street, Suite 2440
Chicago, Illinois 60603